UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Norris Juandron Brown, | Crim. No.: 4:13-cr-00843-RBH-2 |
| | Civil Action No.: 4:17-cv-01667-RBH |
| Petitioner, | |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

This matter is before the Court on Petitioner's pro se [ECF No. 821] motion to vacate pursuant to 28 U.S.C. § 2255. Petitioner alleges ineffective assistance of counsel with regard to his plea agreement. Petitioner argues he received a longer sentence than he should have as a result of his attorney's alleged ineffectiveness.

On July 10, 2017, the government filed a motion for summary judgment arguing that Petitioner's motion is untimely. On July 10, 2017, a *Roseboro* Order was issued advising Petitioner that a motion to dismiss and/or for summary judgment had been filed and that his failure to respond could result in the dismissal of his case. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975). Petitioner filed a pro se response to the government's motion. For the reasons stated below, the Court grants Respondent's motion for summary judgment, dismisses Petitioner's motion to vacate, and dismisses this case with prejudice.[1]

**Procedural History**

On June 17, 2014, Petitioner pled guilty, pursuant to a Rule 11(c)(1)(C) plea agreement, to

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

conspiracy to possess with intent to distribute and distribution of 5 kilograms or more of cocaine and 280 grams or more of crack cocaine in violation of 21 U.S.C. § 846. The Rule 11(c)(1)(C) plea agreement provided for a stipulated sentence of 140 months imprisonment. The presentence investigation report ("PSR") prepared by the U.S. Probation Office determined that Petitioner's sentencing guideline range was 262 to 327 months in prison based on a total offense level of 34 and criminal history category of VI.

On November 18, 2014, the Court accepted the Rule 11(c)(1)(C) plea agreement and sentenced Petitioner to 140 months imprisonment. The judgment was entered on November 19, 2014. Petitioner did not appeal his conviction or sentence. The deadline for Petitioner to file a notice of appeal from his conviction and sentence was December 3, 2014, 14 days after the judgment was entered.

Petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on June 22, 2017, the date Petitioner delivered his motion to the prison mail room.

## **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.' (internal citation omitted) For this reason, nonconstitutional claims that could have been raised on appeal, but

were not, may not be asserted in collateral proceedings. (internal citations omitted) Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'". *Stone v. Powell*, 428 U.S. 465, n. 10 (1976); *see also United States v. Boyd*, No. 02-6242, 2002 WL 1932522, at *1 (4th Cir Aug. 22, 2002) ("Non-constitutional claims that could have been raised on direct appeal . . . may not be raised in a collateral proceeding under § 2255.").

## **Discussion**

The government argues that Petitioner's motion to vacate is untimely and must be dismissed. The Court agrees.

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended § 2255 by imposing a one-year statute of limitations period for the filing of any motion under this Section. Accordingly, the one-year period of limitation begins to run from the latest of the following four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2255(f). In appropriate cases, the Supreme Court has determined that the time limit for the filing of a habeas corpus petition is subject to equitable tolling. *Holland v. Florida*, 560 U.S.631 (2010). A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. , 161 L.Ed.2d 669 (2005). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. *Holland*, 130 S.Ct. at 2563 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964)).

In this case, Petitioner did not file a direct appeal. An unappealed federal criminal judgment becomes final for purposes of § 2255 when the time for filing a direct appeal expires. *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001); *United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001) (Michael, J., concurring); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). The time for Petitioner to file a direct appeal from his criminal judgment expired on December 3, 2014, fourteen days after the judgment was entered. Therefore, Petitioner's judgment became final on July 16, 2013. Petitioner's motion to vacate is untimely because it was filed more than one year after his conviction became final, and none of the other three potential triggering dates set forth in 28 U.S.C. § 2255(f) apply to this case. *See Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014). Petitioner has also failed to demonstrate a sufficient basis to warrant equitable tolling.

Petitioner argues his motion to vacate is timely under § 2255(f)(3) because it was filed within one year of the U.S. Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). However, the *Mathis* Court did not announce a new rule of constitutional law that has been made retroactive on collateral review. *See Gutierrez v. United States*, No. 1:17CV40, 2018 WL 2416585 at *2 (N.D.W.Va. May 29, 2018); *Haley v. United States*, No. 2:12cr149, 2017 WL

4

2297022, at *3 (E.D. Va. May 24, 2017). Furthermore, *Mathis* has no application to Petitioner's case because the *Mathis* decision concerned an Iowa burglary conviction and whether it counted as a predicate offense under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Petitioner's case is a drug conspiracy case where Petitioner was designated a career offender under the U.S. Sentencing Guidelines based on prior convictions for possession with intent to distribute marijuana. Petitioner cannot rely on *Mathis* to render his motion to vacate timely.

Petitioner also argues that his sentence is above the legal maximum for his charge and is an illegal sentence that can be attacked at any time. Petitioner pled guilty to conspiracy to possess with intent to distribute and distribution of 5 kilograms or more of cocaine and 280 grams or more of crack cocaine in violation of 18 U.S.C. § 846. As a result, Petitioner faced a statutory maximum sentence of Life in prison. Petitioner's advisory guideline range was 262 to 327 months in prison. Petitioner was sentenced to 140 months in prison pursuant to his Rule 11(c)(1)(C) plea agreement, which is far below the applicable statutory maximum sentence and advisory guideline range. Petitioner has failed to demonstrate a fundamental defect, miscarriage of justice, or that he was sentenced to an illegal sentence.

For those reasons, Petitioner's motion to vacate under 28 U.S.C. § 2255 is due to be dismissed as untimely.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484

(2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.  In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

## Conclusion

For the reasons stated above, the government's [ECF No. 828] motion for summary judgment is **GRANTED** and Petitioner's pro se [ECF No. 821] motion to vacate pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**.  The Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

June 19, 2018                                              s/ R. Bryan Harwell
Florence, South Carolina                          R. Bryan Harwell
                                                                  United States District Judge